# EXHIBIT A

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Southern District of New York

| Unión Fenosa Gas, S.A. | ) |
|---|---|
| *Plaintiff* | ) |
| v. | ) Civil Action No. 1:20-mc-171 |
| The Bank of New York Mellon Corporation | ) |
| | ) |
| *Defendant* | ) |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:  The Bank of New York Mellon Corporation

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Schedule A

| Place: KING & SPALDING LLP<br>1185 Avenue of the Americas<br>New York, NY 10036-4003 | Date and Time:<br>04/13/2020 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

*CLERK OF COURT*

OR

_____    _____
*Signature of Clerk or Deputy Clerk*    *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Unión Fenosa Gas, S.A. , who issues or requests this subpoena, are:

James E. Berger, King & Spalding LLP, 1185 Avenue of the Americas, New York, NY 10036-4003, (212) 556-2100
jberger@kslaw.com

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

# PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

*Server's signature*

*Printed name and title*

*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

### Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# SCHEDULE A
# DEFINITIONS

1. "**Petitioner**" refers to Unión Fenosa Gas, S.A. and includes any employees, agents, representatives, or other persons acting on behalf of Petitioner or its affiliates, including but not limited to attorneys and accountants.

2. "**You**", "**Your**" and "**Yourself**" each shall mean The Bank of New York Mellon Corporation, including its New York and London branches.

3. "**Egypt**" shall mean the Arab Republic of Egypt.

4. "**2020/2040 Prospectus**" shall mean Egypt's prospectus dated April 26, 2010 comprising "U.S.$1,000,000,000 5.75% Notes due 2020," and "U.S.$500,000,000 6.875% Notes due 2040."

5. "**Note**" or "**Notes**" shall mean Egypt's issued "U.S.$1,000,000,000 5.75% Notes due 2020," and Egypt's issued "U.S.$500,000,000 6.875% Notes due 2040," pursuant to the 2020/2040 Prospectus dated April 26, 2010 filed at the Luxembourg Stock Exchange.

6. The term "**Accounts**" shall mean all presently existing and hereafter arising accounts, including, without limitation, accounts receivable, contract receivables, receivables of any kind, and deposit accounts.

7. The term "**Agents**" shall mean any agents appointed on behalf of Egypt, including, without limitation, the Calculation Agent; Central Securities Depository; Clearing Agent; Custodian; Fiscal Agent; Linking Agent; Principal Paying Agent; Paying Agent; Registrar; Transfer Agent; and Trustee.

8. The term "**England**" shall mean England & Wales.

9. The term "**Fiscal Agency Agreement**" shall mean the agreement dated April 29, 2010 entered into in relation to the Notes among Egypt, You, and other agents.

10. "**Financial Institution**" means any bank or trust company, including, without limitation, any person whose business or a principal part of whose business consists of borrowing or lending or investing money; administering or managing funds on behalf of other persons; acting as trustee in respect of funds of other persons; providing financial services that involve the transfer or exchange of funds; but not including the provision of financial services that consist solely of the provision of financial advice.

11. The term "**Noteholder**" shall be any Person as defined in the 2020/2040 Prospectus.

12. "**Person**" shall mean any corporation, partnership, limited liability company, trust, individual, unincorporated organization or a governmental agency or political subdivision thereof, as the context may require.

13. "**Property**" shall mean any interest in any kind of property or asset, whether real, personal or mixed, and whether tangible or intangible.

14. The term "**document**" is defined to be synonymous in meaning and equal in scope to the usage of the term in Federal Rule of Civil Procedure 34(1), including without limitation, electronic or computerized data compilations. A draft or non-identical copy of any document is a separate document within the meaning of this term.

15. The term "**all documents**" means every document and every non-identical copy known to You and every such document or writing which You can locate or discover by reasonably diligent efforts.

16. "**Communication**" means any transmittal of information in the form of facts, ideas, inquiries, or otherwise, located anywhere in the world. A Document Request for "**Communication(s)**" calls for you to produce correspondence, telexes, telecopies, electronic mail, all attachments and enclosures thereto, computer tapes, discs, audio

recordings, recordings of any other type in any medium of written or oral communications, phone logs, message logs, and notes and memoranda of, or referring or relating to, written or oral communications.

17. The terms "**concerning**," "**involving**," "**relating to**," "**referring to**," "**in connection with**," "**pertaining to**," "**describing**," "**discussing**," "**analyzing**," "**reflecting**," "**summarizing**," "**evidencing**," "**embodying**," and "**constituting**" are interchangeable in meaning.

**DOCUMENTS REQUESTED**

1. Any and all documents, contracts, or agreements governing the Notes, and the Agents identified therein, including but not limited to the Fiscal Agency Agreement dated April 29, 2010.

2. Any and all documents or communications evidencing or concerning any Accounts held in Financial Institution(s) in England in connection with the Notes, including but not limited to Egypt's: (i) redemption payments to Noteholders; (ii) interest payments to Noteholders; (iii) purchase payments to Noteholders; and (iv) cancellation payments to Noteholders.

3. Any and all documents or communications evidencing or concerning wire transfers, or transfers of capital, made by Egypt, or any representative or agent for Egypt, in connection with the Notes, including but not limited to transfers involving Egypt's: (i) redemption payments to noteholders; (ii) interest payments to Noteholders; (iii) purchase payments to Noteholders; and (iv) cancellation payments to Noteholders, and sufficient to identify the Financial Institution and Accounts from which such payments are made.

4. Any and all documents or communications evidencing or concerning Egypt's ownership interests in any Accounts identified in Request No. 2.

5. Any and all of Egypt's property that is held in escrow or trust in connection with the Notes.

6. To the extent not already disclosed under Request No. 1, any and all agreements governing Egypt's property that is held in escrow or trust in connection with the Notes.

7. Any and all documents or communications evidencing or concerning Egypt's intention to

5

purchase or cancel the Notes.

# UNITED STATES DISTRICT COURT
for the
Southern District of New York

| | | |
|---|---|---|
| Unión Fenosa Gas, S.A. | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 1:20-mc-171 |
| The Bank of New York Mellon Corporation | ) | |
| | ) | |
| *Defendant* | ) | |

**SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION**

To:  The Bank of New York Mellon Corporation

*(Name of person to whom this subpoena is directed)*

☒ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action.  If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:
See Schedule A

| Place: KING & SPALDING LLP<br>1185 Avenue of the Americas<br>New York, NY 10036-4003 | Date and Time: |
|---|---|

The deposition will be recorded by this method:  stenographic means

☐ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  _____

*CLERK OF COURT*

OR

_____     _____
*Signature of Clerk or Deputy Clerk*     *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Unión Fenosa Gas, S.A. , who issues or requests this subpoena, are:

James E. Berger, King & Spalding LLP, 1185 Avenue of the Americas, New York, NY 10036-4003,  (212) 556-2100, jberger@kslaw.com

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.

# PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____ .

❒ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❒ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev.  02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*

   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# SCHEDULE A
# DEFINITIONS

1. "**Petitioner**" refers to Unión Fenosa Gas, S.A. and includes any employees, agents, representatives, or other persons acting on behalf of Petitioner or its affiliates, including but not limited to attorneys and accountants.

2. "**You**", "**Your**" and "**Yourself**" each shall mean The Bank of New York Mellon Corporation, including its New York and London branches.

3. "**Egypt**" shall mean the Arab Republic of Egypt.

4. "**2020/2040 Prospectus**" shall mean Egypt's prospectus dated April 26, 2010 comprising "U.S.$1,000,000,000 5.75% Notes due 2020," and "U.S.$500,000,000 6.875% Notes due 2040."

5. "**Note**" or "**Notes**" shall mean Egypt's issued "U.S.$1,000,000,000 5.75% Notes due 2020," and Egypt's issued "U.S.$500,000,000 6.875% Notes due 2040," pursuant to the 2020/2040 Prospectus dated April 26, 2010 filed at the Luxembourg Stock Exchange.

6. The term "**Accounts**" shall mean all presently existing and hereafter arising accounts, including, without limitation, accounts receivable, contract receivables, receivables of any kind, and deposit accounts.

7. The term "**Agents**" shall mean any agents appointed on behalf of Egypt, including, without limitation, the Calculation Agent; Central Securities Depository; Clearing Agent; Custodian; Fiscal Agent; Linking Agent; Principal Paying Agent; Paying Agent; Registrar; Transfer Agent; and Trustee.

8. The term "**England**" shall mean England & Wales.

9. The term "**Fiscal Agency Agreement**" shall mean the agreement dated April 29, 2010 entered into in relation to the Notes among Egypt, You, and other agents.

1

10. "**Financial Institution**" means any bank or trust company, including, without limitation, any person whose business or a principal part of whose business consists of borrowing or lending or investing money; administering or managing funds on behalf of other persons; acting as trustee in respect of funds of other persons; providing financial services that involve the transfer or exchange of funds; but not including the provision of financial services that consist solely of the provision of financial advice.

11. The term "**Noteholder**" shall be any Person as defined in the 2020/2040 Prospectus.

12. "**Person**" shall mean any corporation, partnership, limited liability company, trust, individual, unincorporated organization or a governmental agency or political subdivision thereof, as the context may require.

13. "**Property**" shall mean any interest in any kind of property or asset, whether real, personal or mixed, and whether tangible or intangible.

14. The term "**document**" is defined to be synonymous in meaning and equal in scope to the usage of the term in Federal Rule of Civil Procedure 34(1), including without limitation, electronic or computerized data compilations. A draft or non-identical copy of any document is a separate document within the meaning of this term.

15. The term "**all documents**" means every document and every non-identical copy known to You and every such document or writing which You can locate or discover by reasonably diligent efforts.

16. "**Communication**" means any transmittal of information in the form of facts, ideas, inquiries, or otherwise, located anywhere in the world. A Document Request for "**Communication(s)**" calls for you to produce correspondence, telexes, telecopies, electronic mail, all attachments and enclosures thereto, computer tapes, discs, audio

recordings, recordings of any other type in any medium of written or oral communications, phone logs, message logs, and notes and memoranda of, or referring or relating to, written or oral communications.

17. The terms "**concerning**," "**involving**," "**relating to**," "**referring to**," "**in connection with**," "**pertaining to**," "**describing**," "**discussing**," "**analyzing**," "**reflecting**," "**summarizing**," "**evidencing**," "**embodying**," and "**constituting**" are interchangeable in meaning.

## AREA OF DESIGNATION AND INQUIRY

1. Information concerning any and all documents, contracts, or agreements governing the Notes, and the Agents identified therein, including but not limited to the Fiscal Agency Agreement dated April 29, 2010.

2. Information concerning any Accounts held in Financial Institution(s) in England in connection with the Notes, including but not limited to Egypt's: (i) redemption payments to Noteholders; (ii) interest payments to Noteholders; (iii) purchase payments to Noteholders; and (iv) cancellation payments to Noteholders.

3. Information concerning any wire transfers, or transfers of capital, made by Egypt, or any representative or agent for Egypt, in connection with the Notes, including but not limited to transfers involving Egypt's: (i) redemption payments to noteholders; (ii) interest payments to Noteholders; (iii) purchase payments to Noteholders; and (iv) cancellation payments to Noteholders, and sufficient to identify the Financial Institution and Accounts from which such payments are made.

4. Information concerning Egypt's ownership interests in any Accounts identified in Request No. 2.

5. Information concerning Egypt's property that is held in escrow or trust in connection with the Notes.

6. To the extent not already disclosed under Request No. 1, information concerning any and all agreements governing Egypt's property that is held in escrow or trust in connection with the Notes.

7. Information concerning Egypt's intention to purchase or cancel the Notes.