UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- x
IN RE PETITION OF                    :
                                     :
UNIÓN FENOSA GAS, S.A.               :   Civil Action No. 1:20-mc-171-PKC
                                     :
For an Order to Take Discovery from The Bank :
of New York Mellon Corporation pursuant to   :   Hon. P. Kevin Castel
28 U.S.C. § 1782 in Aid of a Foreign :
Proceeding.                          :
                                     :
------------------------------------- x

## DECLARATION OF ADAM JEREMY SILVER

ADAM JEREMY SILVER hereby declares as follows pursuant to 28 U.S.C. § 1746:

1. I am a partner with Dechert LLP and counsel to the Arab Republic of Egypt. I submit this declaration under penalty of perjury.

2. I am an English law qualified lawyer (known as a solicitor) based at Dechert LLP's London office specializing in complex commercial and financial litigation, fraud and contentious insolvency disputes. I have been practicing as a solicitor since 2002.

3. Prior to joining Dechert LLP in 2012, I graduated from the University of Oxford with a first class degree in 1998, undertook my formal legal training at The College of Law in London and at Lovells LLP between 1998 to 2002, and then practiced as a solicitor in the litigation departments of Lovells LLP (now Hogan Lovells LLP) and Dewey & LeBoeuf LLP. During my legal career of almost 20 years, I have litigated cases before the High Court of England & Wales, the Court of Appeal and the Supreme Court. I also have substantial experience with international commercial arbitration.

4. I make this declaration solely to explain the mechanism used to seek an attachment of funds under the law of England and Wales for the purposes of satisfying a judgment of the

English Court. For brevity, I refer in this declaration to the law of England and Wales as English law, and to the jurisdiction of England and Wales as England. I am aware that UFG contends that the proceedings in the English High Court have reached the point that it now possesses a money judgment against the Arab Republic of Egypt as a result of registration and recognition of an ICSID arbitral award as a judgment of the English High Court.

5. A party to litigation who obtains a money judgment in its favor that is enforceable in England (a "judgment creditor") is able to pursue a number of potential enforcement remedies against the judgment debtor's assets in the jurisdiction. One commonly used enforcement remedy is known as a third party debt order ("TPDO").

6. TPDOs, formerly known as garnishee orders in English litigation, are available in circumstances where a judgment debtor is owed a debt by a third party, very often a bank. By an application to the Court for a TPDO, the judgment creditor seeks an order requiring the third party to satisfy its debt obligation by paying the judgment creditor rather than paying the judgment debtor. Judgment creditors often seek TPDOs in relation to bank accounts: for example, where a bank holds a credit balance in an account in England for the benefit of a judgment debtor. In such a case, provided that the balance in the bank account is a debt owed by the bank to the judgment debtor, the judgment creditor can seek a TPDO against the bank in relation that debt.

7. The steps for obtaining a TPDO are set out in detail in Part 72 of the English Civil Procedure Rules 1998 (the "CPR") and the associated Practice Direction 72, a copy of which is attached as Exhibit 1. I summarize the most relevant provisions below.

8. Once a judgment creditor has a judgment debt which is due and enforceable in England and has identified a party which owes a debt to the judgment debtor, the judgment creditor may file an application seeking a TPDO. The application is made in the Court which made the

judgment that the judgment creditor is seeking to enforce. Such applications are often made *ex parte*, by which I mean without notice to the judgment creditor or to the bank or other third party (see CPR 72.3). TPDO applications are made on a standard form called an application notice, which must contain various information including details (if known) of *inter alia*: the judgment debtor; the judgment and amount of money outstanding under it; and the name and address of the third party (including in the case of a bank the specific branch where the judgment debtor is believed to hold an account and the account number). The judgment creditor is also required to confirm to the best of its knowledge and belief if any other person has any claim to the money in the bank account, and provide sources of such knowledge or belief (see CPR 72.3 and Practice Direction 72, paragraph 1.2). Other than what appears on the face of the form, no other information is required to make the application and it is not generally necessary to file any other documents in support of the application, although sometimes a judgment creditor may choose to file supporting documents to evidence their knowledge of the information stated in the form. A copy of the form used for a TPDO application is attached as Exhibit 2.

9. I mentioned above some of the information that the judgment creditor should include in its application notice *if known*. That does not mean that a judgment creditor can seek a TPDO on a purely speculative basis and without cogent evidence. Indeed, the CPR are clear that English Courts will not grant speculative applications for TPDOs and "*will only make an interim third party debt order against a bank or building society if the judgment creditor's application notice contains evidence to substantiate his belief that the judgment debtor has an account with the bank or building society in question.*" (See Practice Direction 72, paragraph 1.3)

10. After the application notice for a TPDO is filed with the Court, it will be dealt with initially on an interim basis by a judge without a hearing. At this stage the judge may make an

interim TPDO in a standard form, attached as Exhibit 3, which will usually identify the bank account to which it relates and state the date for a hearing to decide whether to make a final TPDO. The date of the hearing will be not less than 28 days from the date of the order. The interim TPDO will also direct that, until the hearing, the bank should not make any payment which has the effect of reducing the amount in the judgment debtor's account to less than a specified amount (see CPR 72.4). In other words, an interim TPDO would effectively require the bank to freeze a sum held in the judgment debtor's account until the Court decides what should be done with that money at a hearing. However, an interim TPDO would not require the bank to pay any money to the judgment creditor and it is well established in English case law that an interim TPDO does not create any security interest in the money.

11. After obtaining an interim TPDO from the Court, the judgment creditor must serve it on the bank or other third party and on the judgment debtor, together with copies of its application and all documents filed with the Court in support of its application (see CPR 72.5). Following service of the interim TPDO, a bank is required to provide the Court and the judgment creditor with account numbers for all accounts it holds for the judgment debtor, stating whether or not they are in credit. If in credit, the bank must also provide details of the balance in the account and give details of any right which the bank asserts to the money in the account (for example, pursuant to a right of set-off). Alternatively, if the judgment debtor does not hold an account with the bank (or the account is not in credit) or, in the case of another third party, they do not owe money to the judgment debtor, they must inform the judgment creditor of this within 7 days of being served with the interim TPDO (see CPR 72.6).

12. If the judgment debtor or the third party objects to the Court making a final TPDO, then they must file with the Court and serve on the other parties written evidence setting out the

grounds for their objections (see CPR 72.8). For example, they may be aware of other parties besides the judgment debtor having claims to the money held in the account in question. Thereafter, the judgment creditor may also serve evidence. If the Court is notified of another party having a claim to any money specified in the interim TPDO, then the Court will serve that person with notice of the application and of the hearing (see CPR 72.8(5)).

13. The final stage is usually the *inter partes* hearing. At that hearing, the Court may make a final TPDO or discharge the interim TPDO. This may happen because, by the time of the hearing, it is clear that there is no dispute as to what order the Court should make. Alternatively, where there is a dispute as to whether a final TPDO should be made, the Court will hear argument from the parties and render its decision or, if necessary direct that there be a trial of the relevant issues (see CPR 72.8(6)).

14. The final TPDO, if issued and assuming it is not subject to an application to set aside or an appeal by any of the parties, will be an enforceable order requiring the bank or other third party to pay money from the relevant account or accounts to the judgment creditor (see CPR 72.9). A copy of the standard form of a final TPDO is attached as Exhibit 4. Once the bank pays the judgment creditor pursuant to a TPDO, the bank's debt to the judgment debtor in that amount would be extinguished.

I declare under penalty of perjury of the laws of the United States of America that the foregoing is true and correct. Executed this 29th day of April, 2020 at London, England.

_____
Adam Jeremy Silver, Esq.