# Exhibit 1

 Justice

# PART 72 - THIRD PARTY DEBT ORDERS

Contents of this Part

| Title | Number |
|---|---|
| Scope of this Part and interpretation | Rule 72.1 |
| Third party debt order | Rule 72.2 |
| Application for third party debt order | Rule 72.3 |
| Interim third party debt order | Rule 72.4 |
| Service of interim order | Rule 72.5 |
| Obligations of third parties served with interim order | Rule 72.6 |
| Arrangements for debtors in hardship | Rule 72.7 |
| Further consideration of the application | Rule 72.8 |
| Effect of final third party order | Rule 72.9 |
| Money in court | Rule 72.10 |
| Costs | Rule 72.11 |

## Scope of this Part and interpretation

### 72.1

(1) This Part contains rules which provide for a judgment creditor to obtain an order for the payment to him of money which a third party who is within the jurisdiction owes to the judgment debtor.

(2) In this Part, 'bank or building society' includes any person carrying on a business in the course of which he lawfully accepts deposits in the United Kingdom.

Back to top of page

## Third party debt order

### 72.2

(1) Upon the application of a judgment creditor, the court may make an order (a 'final third party debt order') requiring a third party to pay to the judgment creditor –

(a) the amount of any debt due or accruing due to the judgment debtor from the third party; or

(b) so much of that debt as is sufficient to satisfy the judgment debt and the judgment creditor's costs of the application.

(2) The court will not make an order under paragraph 1 without first making an order (an 'interim third party debt order') as provided by rule 72.4(2).

(3) In deciding whether money standing to the credit of the judgment debtor in an account to which section 40 of the Supreme Court Act 1981 or section 108 of the County Courts Act 1984 relates may be made the subject of a third party debt order, any condition applying to the account that a receipt for money deposited in the account must be produced before any money is withdrawn will be disregarded.

(Section 40(3) of the Supreme Court Act 1981 and section 108(3) of the County Courts Act 1984 contain a list of other conditions applying to accounts that will also be disregarded.)

Back to top of page

# Application for third party debt order

## 72.3

(1) An application for a third party debt order –

(a) may be made without notice; and

(b) must be issued in the court which made the judgment or order which it is sought to enforce, except that –

(i) if the proceedings have since been transferred to a different court, it must be issued in that court; or

(ii) subject to subparagraph (b)(i), if it is to enforce a judgment made in the County Court Money Claims Centre, it must be issued in accordance with section 2 of Practice Direction 70.

(2) The application notice must –

(a)

(i) be in the form; and

(ii) contain the information

required by Practice Direction 72; and

(b) be verified by a statement of truth.

Back to top of page

# Interim third party debt order

## 72.4

(1) An application for a third party debt order will initially be dealt with by a judge without a hearing.

(2) The judge may make an interim third party debt order–

(a) fixing a hearing to consider whether to make a final third party debt order; and

(b) directing that until that hearing the third party must not make any payment which reduces the amount he owes the judgment debtor to less than the amount specified in the order.

(3) An interim third party debt order will specify the amount of money which the third party must retain, which will be the total of–

(a) the amount of money remaining due to the judgment creditor under the judgment or order; and

(b) an amount for the judgment creditor's fixed costs of the application, as specified in Practice Direction 72.

(4) An interim third party debt order becomes binding on a third party when it is served on him.

(5) The date of the hearing to consider the application shall be not less than 28 days after the interim third party debt order is made.

Back to top of page

# Service of interim order

## 72.5

(1) Copies of an interim third party debt order, the application notice and any documents filed in support of it must be served –

(a) on the third party, not less than 21 days before the date fixed for the hearing; and

(b) on the judgment debtor not less than –

(i) 7 days after a copy has been served on the third party; and

(ii) 7 days before the date fixed for the hearing.

(2) If the judgment creditor serves the order, he must either –

(a) file a certificate of service not less than 2 days before the hearing; or

(b) produce a certificate of service at the hearing.

Back to top of page

# Obligations of third parties served with interim order

## 72.6

(1) A bank or building society served with an interim third party debt order must carry out a search to identify all accounts held with it by the judgment debtor.

(2) The bank or building society must disclose to the court and the creditor within 7 days of being served with the order, in respect of each account held by the judgment debtor –

(a) the number of the account;

(b) whether the account is in credit; and

(c) if the account is in credit –

(i) whether the balance of the account is sufficient to cover the amount specified in the order;

(ii) the amount of the balance at the date it was served with the order, if it is less than the amount specified in the order; and

(iii) whether the bank or building society asserts any right to the money in the account, whether pursuant to a right of set-off or otherwise, and if so giving details of the grounds for that assertion.

(3) If –

(a) the judgment debtor does not hold an account with the bank or building society; or

(b) the bank or building society is unable to comply with the order for any other reason (for example, because it has more than one account holder whose details match the information contained in the order, and cannot identify which account the order applies to),

the bank or building society must inform the court and the judgment creditor of that fact within 7 days of being served with the order.

(4) Any third party other than a bank or building society served with an interim third party debt order must notify the court and the judgment creditor in writing within 7 days of being served with the order, if he claims –

(a) not to owe any money to the judgment debtor; or

(b) to owe less than the amount specified in the order.

Back to top of page

## Arrangements for debtors in hardship

### 72.7

(1) If –

(a) a judgment debtor is an individual;

(b) he is prevented from withdrawing money from his account with a bank or building society as a result of an interim third party debt order; and

(c) he or his family is suffering hardship in meeting ordinary living expenses as a result,

the court may, on an application by the judgment debtor, make an order permitting the bank or building society to make a payment or payments out of the account ('a hardship payment order').

(2) An application for a hardship payment order may be made–

(a) in High Court proceedings, at the Royal Courts of Justice or to any district registry; and

(b) in County Court hearing centre proceedings, to any County Court hearing centre.

(3) A judgment debtor may only apply to one court for a hardship payment order.

(4) An application notice seeking a hardship payment order must –

(a) include detailed evidence explaining why the judgment debtor needs a payment of the amount requested; and

(b) be verified by a statement of truth.

(5) Unless the court orders otherwise, the application notice –

(a) must be served on the judgment creditor at least 2 days before the hearing; but

(b) does not need to be served on the third party.

(6) A hardship payment order may –

(a) permit the third party to make one or more payments out of the account; and

(b) specify to whom the payments may be made.

Back to top of page

# Further consideration of the application

## 72.8

(1) If the judgment debtor or the third party objects to the court making a final third party debt order, he must file and serve written evidence stating the grounds for his objections.

(2) If the judgment debtor or the third party knows or believes that a person other than the judgment debtor has any claim to the money specified in the interim order, he must file and serve written evidence stating his knowledge of that matter.

(3) If –

(a) the third party has given notice under rule 72.6 that he does not owe any money to the judgment debtor, or that the amount which he owes is less than the amount specified in the interim order; and

(b) the judgment creditor wishes to dispute this,

the judgment creditor must file and serve written evidence setting out the grounds on which he disputes the third party's case.

(4) Written evidence under paragraphs (1), (2) or (3) must be filed and served on each other party as soon as possible, and in any event not less than 3 days before the hearing.

(5) If the court is notified that some person other than the judgment debtor may have a claim to the money specified in the interim order, it will serve on that person notice of the application and the hearing.

(6) At the hearing the court may –

(a) make a final third party debt order;

(b) discharge the interim third party debt order and dismiss the application;

(c) decide any issues in dispute between the parties, or between any of the parties and any other person who has a claim to the money specified in the interim order; or

(d) direct a trial of any such issues, and if necessary give directions.

Back to top of page

# Effect of final third party order

## 72.9

(1) A final third party debt order shall be enforceable as an order to pay money.

(2) If –

(a) the third party pays money to the judgment creditor in compliance with a third party debt order; or

(b) the order is enforced against him,

the third party shall, to the extent of the amount paid by him or realised by enforcement against him, be discharged from his debt to the judgment debtor.

(3) Paragraph (2) applies even if the third party debt order, or the original judgment or order against the judgment debtor, is later set aside.

Back to top of page

# Money in court

## 72.10

(1) If money is standing to the credit of the judgment debtor in court –

(a) the judgment creditor may not apply for a third party debt order in respect of that money; but

(b) he may apply for an order that the money in court, or so much of it as is sufficient to satisfy the judgment or order and the costs of the application, be paid to him.

(2) An application notice seeking an order under this rule must be served on –

(a) the judgment debtor; and

(b) the Accountant General at the Court Funds Office.

(3) If an application notice has been issued under this rule, the money in court must not be paid out until the application has been disposed of.

Back to top of page

# Costs

## 72.11

If the judgment creditor is awarded costs on an application for an order under rule 72.2 or 72.10 –

(a) he shall, unless the court otherwise directs, retain those costs out of the money recovered by him under the order; and

(b) the costs shall be deemed to be paid first out of the money he recovers, in priority to the judgment debt.

Back to top of page

 **Justice**

# PRACTICE DIRECTION 72 – THIRD PARTY DEBT ORDERS

## This Practice Direction supplements Part 72

Contents of this Practice Direction

| Title | Number |
|---|---|
| Application notice – rule 72.3 | Para. 1.1 |
| Interim third party debt order – rule 72.4 | Para. 2. |
| Interim orders relating to bank or building society accounts – rule 72.6(1)–(3) | Para. 3.1 |
| Attachment of debts owed by a partnership | Para. 3A.1 |
| Transfer | Para. 4. |
| Applications for hardship payment orders – rule 72.7 | Para. 5.1 |
| Final orders relating to building society accounts | Para. 6. |

## Application notice – rule 72.3

**1.1** An application for a third party debt order must be made by filing an application notice in Practice Form N349.

**1.2** The application notice must contain the following information –

(1) the name and address of the judgment debtor;

(2) details of the judgment or order sought to be enforced;

(3) the amount of money remaining due under the judgment or order;

(4) if the judgment debt is payable by instalments, the amount of any instalments which have fallen due and remain unpaid;

(5) the name and address of the third party;

(6) if the third party is a bank or building society –

(a) its name and the address of the branch at which the judgment debtor's account is believed to be held; and

(b) the account number;

or, if the judgment creditor does not know all or part of this information, that fact;

(7) confirmation that to the best of the judgment creditor's knowledge or belief the third party –

(a) is within the jurisdiction; and

(b) owes money to or holds money to the credit of the judgment debtor;

(8) if the judgment creditor knows or believes that any person other than the judgment debtor has any claim to the money owed by the third party –

(a) his name and (if known) his address; and

(b) such information as is known to the judgment creditor about his claim;

(9) details of any other applications for third party debt orders issued by the judgment creditor in respect of the same judgment debt; and

(10) the sources or grounds of the judgment creditor's knowledge or belief of the matters referred to in (7), (8) and (9).

**1.3**  The court will not grant speculative applications for third party debt orders, and will only make an interim third party debt order against a bank or building society if the judgment creditor's application notice contains evidence to substantiate his belief that the judgment debtor has an account with the bank or building society in question.



## Interim third party debt order – rule 72.4

**2**  An interim third party debt order will specify the amount of money which the third party must retain (rule 72.4(3)). This will include, in respect of the judgment creditor's fixed costs of the application, the amount which would be allowed to the judgment creditor under rule 45.8 if the whole balance of the judgment debt were recovered.



## Interim orders relating to bank or building society accounts – rule 72.6(1)–(3)

**3.1**  A bank or building society served with an interim third party debt order is only required by rule 72.6, unless the order states otherwise –

(1) to retain money in accounts held solely by the judgment debtor (or, if there are joint judgment debtors, accounts held jointly by them or solely by either or any of them); and

(2) to search for and disclose information about such accounts.

**3.2**  The bank or building society is not required, for example, to retain money in, or disclose information about –

(1) accounts in the joint names of the judgment debtor and another person; or

(2) if the interim order has been made against a firm, accounts in the names of individual members of that firm.



## Attachment of debts owed by a partnership

**3A.1**  This paragraph relates to debts due or accruing due to a judgment creditor from a partnership.

**3A.2**  An interim third party debt order under rule 72.4(2) relating to such debts must be served on –

(1) a member of the partnership within the jurisdiction;

(2) a person authorised by a partner; or

(3) some other person having the control or management of the partnership business.

**3A.3** Where an order made under rule 72.4(2) requires a partnership to appear before the court, it will be sufficient for a partner to appear before the court.



## Transfer

**4** The court may, on an application by a judgment debtor who wishes to oppose an application for a third party debt order, transfer it to—

(a) in the High Court, the court for the district; or

(b) in the County Court, the County Court hearing centre serving the address, where the judgment debtor resides carries on business, or to another court.



## Applications for hardship payment orders – rule 72.7

**5.1** The court will treat an application for a hardship payment order as being made –

(1) in the proceedings in which the interim third party debt order was made; and

(2) under the same claim number,

regardless of where the judgment debtor makes the application.

**5.2** An application for a hardship payment order will be dealt with by the court to which it is made.

(Rule 72.7(2) provides that an application may be made –

- in High Court proceedings, in the Royal Courts of Justice or to any district registry; and
- in County Court proceedings, to any County Court hearing centre.)

**5.3** If the application is made to a different court from that dealing with the application for a third party debt order –

(1) the application for a third party debt order will not be transferred; but

(2) the court dealing with that application will send copies of –

(a) the application notice; and

(b) the interim third party debt order

to the court hearing the application for a hardship payment order

**5.4** Rule 72.7(3) requires an application for a hardship payment order to be served on the judgment creditor at least 2 days before the court is to deal with the application, unless the court orders otherwise. In cases of exceptional urgency the judgment debtor may apply for a hardship payment order without notice to the judgment creditor and a judge will decide whether to –

(1) deal with the application without it being served on the judgment creditor; or

(2) direct it to be served.

**5.5** If the judge decides to deal with the application without it being served on the judgment creditor, where possible he will normally –

(1) direct that the judgment creditor be informed of the application; and

(2) give him the opportunity to make representations,

by telephone, fax or other appropriate method of communication.

**5.6** The evidence filed by a judgment debtor in support of an application for a hardship payment order should include documentary evidence, for example (if appropriate) bank statements, wage slips and mortgage statements, to prove his financial position and need for the payment.



## Final orders relating to building society accounts

**6** A final third party debt order will not require a payment which would reduce to less than £1 the amount in a judgment debtor's account with a building society or credit union.

