**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

*In re* Petition of

UNIÓN FENOSA GAS, S.A.

For an Order to Take Discovery from The Bank of
New York Mellon Corporation Pursuant to 28
U.S.C. § 1782 in Aid of a Foreign Proceeding

Civil Action No. 1: 20-mc-171 (PKC)

**STIPULATION AND ORDER FOR
THE PRODUCTION AND
EXCHANGE OF CONFIDENTIAL
INFORMATION**

      **WHEREAS** on April 8, 2020, this Court granted the Ex Parte Petition of Unión

Fenosa Gas, S.A. ("**UFG**") for an Order to Take Discovery Pursuant to 28 U.S.C. § 1782 in

Aid of a Foreign Proceeding (the "**Petition**") which sought documentary and testimonial

evidence from The Bank of New York Mellon Corporation ("**BNYM**") for use in judicial

proceeding before the Commercial Court, Queen's Bench Division of the Courts of England

and Wales against the Arab Republic of Egypt ("**Egypt**");

      **WHEREAS** on June 23, 2020, this Court granted Egypt's Motion to Quash UFG's

subpoena *ad testificandum*, but denied Egypt's Motion to Quash UFG's subpoena *duces*

*tecum* (the "**Document Subpoena**"), and granted Egypt's motion to modify the document

request in part;

      **WHEREAS** this matter having come before the Court by stipulation of UFG and

BNYM (individually a "**Party**" and collectively the "**Parties**") for the entry of a protective

order limiting the review, copying, dissemination and filing of confidential and/or

proprietary documents and information to be produced by BNYM and its respective counsel

in this matter to the extent set forth below; and

**WHEREAS** good cause having been shown.

**IT IS HEREBY STIPULATED AND AGREED, SUBJECT TO THE APPROVAL OF THE COURT:**

1.    The documents to be produced pursuant to the Document Subpoena (the "**Documents**") contain or reflect confidential information not appropriate for public disclosure. BNYM shall designate the Documents as "Confidential" and UFG shall treat and maintain the Documents, and any other materials reflecting information contained in the Documents, including, but not limited to, extracts and summaries, as confidential in accordance with this Agreement.

2.    BNYM may designate the Documents as "Confidential" by notation on each page of the Document so designated, or by written advice to the undersigned counsel for UFG, or by other appropriate means.  Any document or information that BNYM inadvertently produces without identification as to its "confidential" nature as provided in this paragraph, may be so designated by BNYM by written notice to counsel for UFG identifying the document or information as "confidential."

3.    UFG will only use Documents in connection with the enforcement of the arbitral award it holds against Egypt, including for use in the judicial proceeding before the Commercial Court, Queen's Bench Division of the Courts of England and Wales (together with any other court in which proceedings to enforce the arbitral award referred to herein have been or may be brought, the "**Court**"), and not for any other purpose.

4.    Except upon the prior written consent of BNYM, UFG shall not disclose the Documents or any information contained in the Documents to any person or entity other than:

a.      Any in-house or outside counsel for UFG, including partners, associates, or employees of such counsel or such counsel's firms actually engaged in assisting in the preparation of the proceedings listed in Paragraph 3 above;

b.      Officers, directors, or employees of UFG, but only to the extent reasonably necessary in connection with the proceedings listed in Paragraph 3 above;

c.      Outside consultants or experts retained to provide services in connection with the proceedings listed in Paragraph 3 above, to the extent that such person has a need to review the Documents in connection with those proceedings; and

d.      Court(s), court personnel, or court reporters referenced in Paragraph 3 above.

5.      Any person receiving Documents shall not reveal or discuss such information to or with any person not entitled to receive such information under the terms hereof and shall use reasonable measures to store and maintain the Documents so as to prevent unauthorized disclosure.

6.      UFG shall not disclose any Documents pursuant to Paragraph 4(c) above unless the potential recipient has read a copy of this Stipulation and Protective Order and signed the certification, attached as Exhibit A, affirming the recipient (a) has read this Stipulation and Protective Order and understands all of its terms, and (b) agrees to abide by and be bound by the terms of this Stipulation and Protective Order.  Counsel shall retain each such acknowledgement until such time as the proceedings referenced in Paragraph 3 above are concluded and the Documents have been returned or destroyed pursuant to Paragraph 8 of this Stipulation and Protective Order.

7.    Should the need arise for UFG to disclose Documents (a) during any hearing or trial before the Court, including through argument or the presentation of evidence, or (b) in any pleading, brief, memorandum, or other submission that reproduces, paraphrases, or discloses any Documents, UFG may do so only after taking such steps as the Court, upon UFG's application, shall deem necessary to preserve the confidentiality of such Documents.

8.    BNYM's production or disclosure of Documents shall in no way constitute a waiver of BNYM's right to object to the production or disclosure of other information in this action or in any other action.

9.    This Stipulation is entered into without prejudice to the right of UFG or BNYM to seek relief from, or modification of, this Stipulation or any provisions thereof by properly noticed motion to the Court.

10.    This Stipulation shall continue to be binding after the conclusion of the proceedings referred to in Paragraph 3.

11.    Upon the conclusion of all of the proceedings listed in Paragraph 3 above, UFG shall return to BNYM all Documents (including all copies, abstracts, and summaries of information contained in the Documents) or UFG may destroy such material and certify to BNYM in writing that all such material has been destroyed.  Notwithstanding the foregoing, counsel for UFG may retain copies of pleadings, discovery, briefs, motions, memoranda and any other paper filed or correspondence exchanged in the proceedings listed in Paragraph 3 above, and copies of any attorney work product.

12.    UFG agrees that BNYM does not intend to waive any protections afforded by the attorney-client privilege, the attorney work product doctrine, or other immunity from disclosure.  UFG agrees that any inadvertent production of documents subject to the

4

attorney-client privilege, the attorney work product doctrine or other immunity from disclosure shall not constitute a waiver of the applicable privilege.  In the event BNYM or UFG identifies any Document as an inadvertently produced privileged document, UFG agrees to immediately cease to use it in any way and to promptly return or destroy all copies of the document within three (3) business days.

13.     If UFG is called upon to produce Documents in order to comply with a court order, subpoena, or other direction by a court, administrative agency, or legislative body, UFG shall (a) give written notice by overnight mail and either email or facsimile to BNYM's counsel within five (5) business days of receipt of such order, subpoena, or direction, and (b) give BNYM five (5) business days from receipt of such notice to object to the production of such Documents, if BNYM so elects. Notwithstanding the foregoing, nothing in this paragraph shall be construed as requiring any party to this Stipulation to subject itself to any penalties for noncompliance with any court order, subpoena, or other direction by a court, administrative agency, or legislative body.

14.     This Stipulation may be changed by further order of this Court, and is without prejudice to the rights of UFG or BNYM to move for relief from any of its provisions, or to seek or agree to different or additional protection for any particular material or information.

15.     This Stipulation may be signed in counterparts, which, when fully executed, shall constitute a single original, and electronic signatures shall be deemed original signatures.

Dated: July 13, 2020

KING & SPALDING LLP

REED SMITH LLP

Charlene C. Sun
1185 Avenue of the Americas
New York, NY 10036-4003
Tel: (212) 556-2107
Fax: (212) 556-2222
csun@kslaw.com

C. Neil Gray
599 Lexington Avenue
New York, NY 10022
Tel: (212) 231-2652
Fax: (212) 521-5450
cgray@reedsmith.com

*Attorneys for Petitioner Unión*
*Fenosa Gas, S.A.*

*Attorneys for Respondent The*
*Bank of New York Mellon*
*Corporation*

**SO ORDERED:**

Castel, J. U.S.D.J.

7/15/2020

**EXHIBIT A: CONFIDENTIALITY AFFIDAVIT**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

*In re* Petition of

UNIÓN FENOSA GAS, S.A.

For an Order to Take Discovery from The Bank of
New York Mellon Corporation Pursuant to 28
U.S.C. § 1782 in Aid of a Foreign Proceeding

Civil Action No. 1: 20-mc-171 (PKC)

STATE OF: _____

COUNTY OF: _____

      The undersigned hereby acknowledges under penalty of perjury that I received and read the foregoing Stipulation and Order for the Production and Exchange of Confidential Information, dated _____ (the "**Stipulation**"), entered into in connection with the above-captioned action presently pending in the United States District Court of the Southern District of New York; understand the terms thereof; agree to comply with and be bound by such terms; will hold in confidence and will not disclose to anyone not qualified under the Stipulation, and will use only for the purposes authorized therein, any Documents disclosed to me; will return all Documents that come into my possession, and documents or things that I prepared relating thereto, to counsel for the party by whom I am employed or retained, or to counsel from whom I received the Documents; and irrevocably consent to the personal jurisdiction of the federal and state courts situated in the Southern District of New York for purposes of any action to enforce such terms.

_____

7

Sworn to before me this

___day of_____, 20__.


_____
Notary Public

8